Knox vs. Ann Gurnett.

## No. 918.

JOHN FRANK KNOX VS. ANN GURNETT, TUTRIX. VINCENT BOAGNI ET AL. INTERVENORS.

This suit was instituted in 1866. At that time the district court had jurisdiction. But the constitution of 1868 intervened. Under that constitution the parish court alone has jurisdiction over such cases. The constitution is, of course, supreme, and when it gives to parish courts exclusive jurisdiction over such of succession matters as relate to settlements of accounts, it necessarily deprives all other courts of the power of exercising jurisdiction. These cases, which had been instituted in the district courts before the constitution that changed the jurisdiction was adopted, should have been transferred to the court to which the jurisdiction had been given. The judge *a quo* erred in not maintaining the plea to the jurisdiction.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. *Joseph M. Moore*, Acting Judge. *John N. Ogden*, for plaintiff and appellee. *Henry L. Garland*, for intervenors and appellants.

MORGAN, J. Plaintiff claims from his mother and tutrix three thousand dollars, the amount of his share in his father's estate of which the defendant has had charge. He asks, also, for a recognition of his minor's mortgage.

The defendant filed an answer and her account, in which the amount due the plaintiff is established at twenty-five hundred and sixty-nine dollars.

Vincent Boagni intervened in the suit. He claims to be a creditor of the defendant. He avers that the account filed by her is incorrect; he avers that in the account rendered by the defendant she has not included any debts due by the estate of plaintiff's father, of which, he says, there existed a number. He prays that plaintiff's demand be rejected, or reduced to such amount as may be established to be due.

Sarah M. Kaiser also intervened. She claims to be a judgment creditor of the defendant. She says that plaintiff has no legal claim against the defendant; that they are colluding to frustrate the intervenor in the steps which she has taken to enforce the payment of her judgment. She prays that plaintiff's claim be rejected.

Marianne Bullard, wife of Alphonse Lastrapes, Julia A. Bullard, wife of H. L. Garland, and Virginia L. Bullard, all duly authorized, also intervene, and plead the prescription of four, five, and ten years to the plaintiff's demand. In an amended answer they allege that the estate of the plaintiff's father consisted of slaves, with the exception of some land and movables, amounting to one thousand dollars; that defendant is not bound to pay the price of the slaves, and that she can not by neglecting to plead this want of consideration give a preference to her son, and make to him an illegal payment.

The same parties plead to the jurisdiction of the district court.

The first question to be decided is whether the district court had jurisdiction of the case.

. The suit was instituted in 1866. At that time, therefore, the district court had jurisdiction. But the constitution of 1868 intervened. Under that constitution the parish court alone has jurisdiction over such cases. Does the court which had jurisdiction of the case when it was brought, retain control of it, notwithstanding a constitution has been adopted which takes jurisdiction of that class of cases away from it, or invests another court with it? We think not. The constitution is, of course, supreme, and when it gives to parish courts exclusive jurisdiction over all such succession matters as relate to settlements of accounts, it necessarily deprives all other courts from exercising jurisdiction. These cases which had been instituted in the district court before the constitution which changed the jurisdiction was adopted, should have been transferred to the court to which the jurisdiction had been given. See Hoyle vs. New Orleans Railroad Company, 23 An. 502.

We think the plea to the jurisdiction of the district court should have been maintained.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be avoided, annulled, and reversed, and that the case be remanded, with instructions to the district judge to transfer the case to the parish court.